IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GARDEN TERRACE, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:15-cv-3876-WSD-GGB |
| TERRY MAUPINS, *and All Others*, | |
| Defendant. | |

## <u>ORDER AND FINAL REPORT AND RECOMMENDATION</u>

This case is before the Court on Defendant Terry Maupins's application for leave to proceed <u>in forma pauperis</u> ("IFP") on his notice of removal from the Magistrate Court of Cobb County. (Doc. 1). After consideration of Defendant's application, I find that he meets the financial requirements for IFP status and **GRANT** his request to proceed IFP pursuant to 28 U.S.C. § 1915(a).

As an initial matter, Defendant has not complied with 28 U.S.C. § 1446(a), as he has only attached his answer to the dispossessory action in state court, and not "a copy of all process, pleadings, and orders" filed in the state court case. In any event, based on Maupins's removal petition, it is clear that this Court does not have proper jurisdiction over the action.

Maupins cites to 28 U.S.C. §§ 1331, 1332, 1343, and 1357 as bases for jurisdiction. The underlying case is a dispossessory action containing no federal

claim, and therefore any removal based on federal question jurisdiction, under § 1331, would be improper. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); see also U.S. Bank Nat. Ass'n v. Sanders, No. 1:13-cv–357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015).

Any argument that diversity jurisdiction exists, under § 1332, lacks merit, as "a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy." Citimortgage, Inc. v. Dhinoja, 705 F.Supp.2d 1378, 1382 (N.D. Ga. 2010).

28 U.S.C. §§ 1343 and 1357 provide original jurisdiction for civil rights violations and "injuries under federal laws," respectively. However, as the dispossessory action, as filed in state court, contains no such allegations, neither statute would authorize removal.

In Anderson, the Supreme Court recognized two exceptions to the general removal rule that only the original complaint is considered when evaluating jurisdiction: (1) when Congress creates an explicit statutory ground for removal;

AO 72A
(Rev.8/82)

and (2) when federal law completely preempts the state law in question.  539 U.S. at 8, 123 S.Ct. at 2063.  The second exception has no apparent application here.

As to the first exception, Maupins's citation to civil rights statutes could be liberally construed as an argument that 28 U.S.C. § 1443 confers jurisdiction on the court.  Under § 1443, a state court case pending "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States" may be removed to federal court by the defendant.  28 U.S.C. § 1443.  To remove under § 1443, the movant must show (1) the right upon which the petitioner relies arises under federal law, and (2) that he has been denied or cannot enforce that right in the state courts.  Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001).

Maupins does not cite to any substantive civil rights provision, so he likely cannot meet even the first prong of Conley.  However, even assuming that he could meet the first requirement found in Conley, Maupins makes no attempt to meet the second.  Accordingly, because Maupins has not shown that he cannot enforce any right in the state action, there is no basis for removal under § 1443.

In sum, because Maupins has sufficiently demonstrated indigency, his IFP motion is **GRANTED**.  However, because he has not demonstrated that this Court

3

has jurisdiction over the case, it is **RECOMMENDED** that the case be

**REMANDED** to the Magistrate Court of Cobb County.

IT IS SO ORDERED and RECOMMENDED this 12th th day of January, 2016.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)