**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **GARDEN TERRACE,** | |
| **Plaintiff,** | |
| **v.** | **1:15-cv-3876-WSD** |
| **TERRY MAUPINS,** | |
| **Defendant.** | |

# OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R") [3], which recommends remanding this dispossessory action to the Magistrate Court of Cobb County, Georgia.

## I. BACKGROUND

In October 2015, Plaintiff Garden Terrace ("Plaintiff") initiated a dispossessory proceeding against its tenant, Defendant Terry Maupins ("Defendant") in the Magistrate Court of Cobb County, Georgia.[1]

On October 28, 2015, Defendant filed, in the Magistrate Court of Cobb County, his "Dispossessory Answer" ("Answer"). (See [1.1] at 6).

---

[1] No. 15-E-16676. The Court notes that Defendant did not attach a copy of Plaintiff's Complaint to his Notice of Removal.

On November 6, 2015, Defendant, proceeding *pro se*, removed the Cobb County action to this Court by filing his Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1]. Defendant appears to assert that there is federal subject matter jurisdiction because there is a question of federal law in this action. In his Notice of Removal, Defendant claims that Plaintiff "did file an illegal dispossessory" which "is in violation of 14th [sic] Amendment of the U.S. Constitution with respect to Due Process of Law." (Notice of Removal [1.1] at 2). Defendant also claims that Plaintiff violated "15 USC [sic] 1692, Rule 60 ofthe [sic] [F]ederal Rule of Civil Prodecure: andhaving [sic] a legal duty to abort eviction pursuant toO.C.G.A. [sic] [§] 51-1-6." (Id. at 1).

On January 12, 2016, Magistrate Judge Brill granted Defendant's application to proceed IFP and considered, *sua sponte*, whether there is federal subject matter jurisdiction over this case. The Magistrate Judge found that Defendant's Notice of Removal is procedurally defective because Defendant failed to attach a copy of Plaintiff's Complaint, in violation of 28 U.S.C. § 1446(a).[2] Because Defendant instead attached a copy of his Answer, the Magistrate Judge reviewed this pleading, along with Defendant's claims in his Notice of Removal, and concluded

[2] 28 U.S.C. § 1446(a) requires a removing defendant to "file in the district court . . . a copy of all process, pleadings, and orders served upon such defendant in [the pending State court] action."

that Plaintiff's state court Complaint asserts a dispossessory action and does not allege federal law claims.

The Magistrate Judge found further that, because it is clear from Defendant's Answer that this is a dispossessory action, federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of Cobb County. (R&R at 1). Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter. The Magistrate Judge also found that Defendant failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000. The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and recommended that this case be remanded to the state court.

There are no objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams

v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B. Analysis

Based on the Court's review of Defendant's Answer, the Court agrees with the Magistrate Judge's conclusion that Plaintiff's state court Complaint alleges a dispossessory action. Defendant does not object to the R&R's finding that Plaintiff's Complaint does not present a federal question and that the parties are not diverse. The Court does not find any plain error in these conclusions. It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002); see also Lex Special Assets, LLC v. Harold, No.

1:10-cv-2937-TWT-ECS, 2010 WL 5108598, at *2 & n.5 (N.D. Ga. Nov. 10, 2010) (remanding dispossessory action for lack of subject matter jurisdiction even though defendant failed to attach a copy of the plaintiff's complaint to her notice of removal because "there [was] no indication that [plaintiff's] action relie[d] on anything but state—not federal—law"; defendant's assertion in her notice of removal that the state court dispossessory proceedings violated her constitutional rights could be construed as either a defense or a counterclaim based on federal law and were thus insufficient to confer federal question jurisdiction). The record also does not show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000. See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, the Magistrate Judge recommended that this action be remanded to the state court.

See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendant did not object to this recommendation and the Court finds no plain error in it.[3, 4]

---

[3] Even if subject matter jurisdiction existed, the Court lacks jurisdiction under the Rooker-Feldman doctrine to grant Defendant the relief he seeks—an order finding that the completed Dispossessory Action was wrongful and overturning the Writ of Possession issued by the magistrate court. Federal district courts "generally lack jurisdiction to review a final state court decision." Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)).

[4] The Court does not find any plain error in the Magistrate Judge's conclusion that removal is not proper based on 28 U.S.C. §§ 1343 and 1357 because the underlying pleading shows that this is a state court dispossessory action. See 28 U.S.C. § 1343 (providing original jurisdiction for civil rights violations); Avelo Mortg., LLC v. Brissett, No. 1:08-cv-2227, 2008 WL 3871730, at *2 (N.D. Ga. Aug. 18, 2008) ("Section 1343 is simply a more specific subset of the general federal question jurisdiction set out in Section 1331.") (quotation omitted); see also 28 U.S.C. 1357 (providing original jurisdiction "of any civil action commenced by any person to recover damages for any injury to his person or property on account of any act done by him . . . for the protection or collection of any of the revenues, or to enforce the right of citizens of the United States to vote in any state."); Carrington Mortg. Serv., LLC v. Haggins, No. CV-615-061, 2015 WL 4199847, at *3 (S.D. Ga. July 10, 2015) ("Again, [plaintiff's] action in Magistrate Court was simply for a writ of possession—a dispossessory action . . . [plaintiff] asserts no civil rights violations in its complaint . . . [and] [plaintif's] dispossessory action does not involve Congressionally authorized revenue collection, nor does it involve the right of citizens to vote"). The Magistrate Judge recommended that this action be remanded for this additional reason. Defendant did not object to this recommendation and the Court finds no plain error in it.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Magistrate Court of Cobb County, Georgia.

**SO ORDERED** this 15th day of March, 2016.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE